FILED
OCT 2 2 2007
CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. __2:07cr254-WKW__ |
| | ) | [18 USC 922(g)(1); |
| CHRISTOPHER FOSTER | ) | 18 USC 931(a); |
| | ) | 21 USC 844(a)] |
| | ) | |
| | ) | INDICTMENT |

The Grand Jury charges:

## COUNT 1

On or about April 10, 2007, in Montgomery County, within the Middle District of Alabama,

CHRISTOPHER FOSTER,

defendant herein, having been convicted of the following felony offenses, crimes punishable by imprisonment for a term exceeding one year under the laws of the State of Alabama, to-wit:

1)  April 28, 1999, Manslaughter, case number CC 99-000341, in the Circuit Court of Montgomery County, Alabama;

2)  November 6, 1985, Rape II, case number CC 85-000813, in the Circuit Court of Montgomery County, Alabama;

did knowingly possess in and affecting interstate commerce a firearm, to-wit:

an SKS, 7.62 mm rifle, a better description of which is unknown to the grand jury,

in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT 2

On or about April 10, 2007, in Montgomery County, within the Middle District of Alabama,

CHRISTOPHER FOSTER,

defendant herein, did knowingly possess marijuana, a Schedule I Controlled Substance, in violation

of Title 21, United States Code, Section 844(a).

## COUNT 3

On or about September 27, 2007, in Montgomery County, within the Middle District of Alabama,

**CHRISTOPHER FOSTER,**

defendant herein, having been convicted of the following felony offenses, crimes punishable by imprisonment for a term exceeding one year under the laws of the State of Alabama, to-wit:

1) April 28, 1999, Manslaughter, case number CC 99-00341, in the Circuit Court of Montgomery County, Alabama;

2) November 6, 1985, Rape II, case number CC 85-000813, in the Circuit Court of Montgomery County, Alabama;

did knowingly possess in and affecting interstate commerce a firearm, to-wit:

a Bryco Arms, Model 38, .380 caliber pistol, a better description of which is unknown to the grand jury,

in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT 4

On or about September 27, 2007, in Montgomery County, within the Middle District of Alabama,

**CHRISTOPHER FOSTER,**

defendant herein, having been convicted of the following felony crimes of violence, crimes punishable by imprisonment for a term exceeding one year under the laws of the State of Alabama, to-wit:

1) April 28, 1999, Manslaughter, case number CC 99-000341, in the Circuit Court of Montgomery County, Alabama;

    2)     November 6, 1985, Rape II, case number CC 85-000813, in the Circuit Court of Montgomery County, Alabama;

did knowingly possess body armor that had been sold or offered for sale in interstate or foreign commerce, to-wit:

    a Safariland bullet resistant vest, a better description of which is unknown to the grand jury,

in violation of Title 18, United States Code, Section 931(a).

## FORFEITURE ALLEGATION

A.     Count 1 of this indictment is hereby repeated and incorporated herein by reference.

B.     Upon conviction for the violation of Title 18, United States Code, Section 922(g)(1), as alleged in Count 1 of this indictment the defendant,

## CHRISTOPHER FOSTER,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461(c), all firearms and ammunition involved in the commission of these offenses, including but not limited to the following:

    (1) an SKS, 7.62 mm rifle, a better description of which is unknown to the grand jury;

    (2) a Bryco Arms, Model 38, .380 caliber pistol, a better description of which is unknown to the grand jury;

    (3) a Safariland bullet resistant vest, a better description of which is unknown to the grand jury.

C.     If any of the property described in this forfeiture allegation, as a result of any act or omission of the defendant:

    (1)     cannot be located upon the exercise of due diligence;

  (2)  has been transferred, sold to, or deposited with a third person;

  (3)  has been placed beyond the jurisdiction of the court;

  (4)  has been substantially diminished in value; or,

  (5)  has been commingled with other property which cannot be divided without difficulty; the United States, pursuant to Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c), intends to seek an order of this Court forfeiting any other property of said defendant up to the value of the property described above.

  All in violation of Title 18, United States Code, Section 922.

A TRUE BILL:

_____
Foreperson

_____
LEURA G. CANARY
UNITED STATES ATTORNEY

_____
Matthew W. Shepherd
Assistant United States Attorney