**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Case No.: 07-cr-254-WKW-SRW |
| | ) |
| CHRISTOPHER FOSTER | ) |

**MOTION TO SUPPRESS**

**COMES NOW** the Defendant, Christopher Foster, by and through undersigned counsel and pursuant to the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, and moves this Court for an Order suppressing any and all evidence or information seized as a result of the April 2007 search and seizure of the blue Chevy Impala driven by Christopher Foster. The items due to be suppressed include any statements, physical evidence and/or records obtained as a result of the stop and search of Mr. Foster's vehicle.

**Facts**

On or about April 10, 2007, Officer Schlemmer stopped a Blue Chevy Impala vehicle driven by Christopher Foster on West Fairview in Montgomery, Alabama. Mr. Foster is an African American male. Officer Schlemmer alleged that as he approached Mr. Foster in oncoming traffic, Mr. Foster failed to dim his headlights.

After stopping Mr. Foster, Officer Schlemmer approached Mr. Foster's vehicle. Officer Schlemmer allegedly then observed a rifle in plain view on the backseat. Mr. Foster and his passenger, Mrs. Lisa Foster, were ordered out of the vehicle. Officer Schlemmer

conducted a wingspan search of the vehicle and located a small clear bag containing a green leafy substance, believed to be marijuana, under the passenger seat where Mrs. Foster had been seated prior to being instructed to leave the vehicle.

Mr. Foster and Mrs. Foster were arrested for possession of marijuana and Mr. Foster was also issued a citation for Failure to Dim Headlights. Once transported to the Montgomery Police Department (MPD), Mr. Foster was turned over to Cpl. T.D. James with MPD and read his rights. Mr. Foster allegedly signed a consent form waiving his rights and claimed ownership of the marijuana found in the vehicle, stating that he hid it under the passenger seat to avoid detection. Mr. Foster denied ownership of the rifle.

On information and belief, the traffic citation was issued to Mr. Foster before the request to search and the search of Mr. Foster's car. On information and belief, Mr. Foster did not violate traffic laws prior to the traffic stop. On information and belief, the officer intentionally selected Mr. Foster's vehicle on the basis of racial animus, and/or for stopping on some improper basis other than the position of Mr. Foster's headlights. On information and belief, the City of Montgomery Police Department has a pattern and practice of discriminatory enforcement of the traffic laws.

## Discussion

The Fourth Amendment guarantees "the right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures." Const. Amend IV. "[S]earches conducted outside the judicial process, without prior approval by

judge or magistrate, are *per se* unreasonable under the Fourth Amendment -- subject only to a few specifically established and well-delineated exceptions." *Katz v. United States*, 88 S.Ct. 507, 514 (1967) (internal citations omitted).

Two of the exceptions are that: (1) a police officer may stop a vehicle if he observes that vehicle operating in violation of the law; and (2) an officer may briefly stop and question an individual when the officer has an reasonable, objective and articulable belief the individual may be engaged in criminal activity. *Terry v. Ohio*, 88 S.Ct. 1868 (1968). Such "reasonable suspicion" may not be based on the officer's hunch, but requires that the police officer be able to point to specific and articulable facts which reasonably warrant the intrusion. *Id*. (citing, *Terry v. Ohio* at 1879); See also, *United States v. Mikell*, 102 F.3d 470, 475 (11th Cir. 1996) (police are required to articulate some objective justification for the stop).

Evidence and information obtained as a result of an unlawful seizure are "fruit of the poisonous tree" and are due to be suppressed. *See Mapp v. Ohio*, 367 U.S. 643, 654 (1961); *Wong Sun v. United States*, 371 U.S. 471, 487-88 (1963).

". . . the Constitution prohibits selective enforcement of the law based on consideration such as race. ... [T]he constitutional basis for objecting to intentionally discriminatory application of the law is the Equal Protection Clause." *Whren v. United States*, 116 S.Ct. 1769, 1774 (1996). "Racial profiling of any kind is anathema to our criminal justice system." *United States v. Leviner*, 31 F.Supp.2d 23, 33 (D.Mass 1998).

"The Due Process Clause of the Fourteenth Amendment levies upon the state governments the same restrictions that the Fourth Amendment imposes upon the federal government." *Green v. Maroules*, 211 Fed. Appx. 159, 161 (4th Cir. 2006), citing *Mapp v. Ohio,* 367 U.S. 643, 654-55, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961).

The Eleventh Circuit has not specifically addressed or adopted a method of analyzing and remedying vehicle stops that are the result of racial profiling or discriminatory application of the law. However, guidance can be obtained from other circuits' jurisprudence and analysis of similar facts and from the Eleventh Circuit's opinions issued in civil cases.

The First Circuit has held that when challenging car stops as pretextual and in violation of the Equal Protection Clause, "in order to prevail ... [a defendant] must present evidence that he was treated differently from similarly situated . . . motorists and that the action taken against him was motivated, at least in part, by his race." *Flowers v. Fiore*, 359 F.3d 24, 35 (1st Cir. 2004). The Seventh Circuit has held that, to show a discriminatory enforcement of the law, a party must show that the actions of the government official had a discriminatory effect and were motivated by a discriminatory purpose. *Chaves v. Illinois State Police*, 251 F.3d 612, 635 (7th Cir. 2001).

To show "discriminatory effect," the defendant must show that he was a member of a protected class and that members of the non-protected class were treated differently. *Id.* This can be done by showing how specifically named people (protected v. non-protected) were treated differently or through the use of material and relevant statistics. *Id.; Int'l Bd. of*

4

*Teamsters v. United States,* 97 S.Ct. 1843 (1977). To show "discriminatory intent" the defendant must show that the government official purposefully acted in a manner that would have an adverse affect upon an identifiable group. *McClesky v. Kemp*, 481 U.S. 279, 298 (1979); *Osburn v. Cox*, 369 F.3d 1283 (11th Cir. 2004). Because evidence of discriminatory intent is often intangible, one must look at the facts and circumstances surrounding the government official and his actions.

On information and belief, Officer Schlemmer and the Montgomery Police Department deliberately enforce the alleged violation of the headlight-dimming requirements disproportionately against African Americans and not against white citizens, in violation of Mr. Foster's rights under the United States Constitution to freedom from unreasonable search and seizure, fundamental fairness and due process, and equal protection. Because the stop of Mr. Foster was in violation of the Equal Protection Clause, there was no Fourth Amendment justification for the subsequent viewing and search of his vehicle. Any and all evidence, information or statements obtained as a result must be suppressed.

**WHEREFORE,** Mr. Foster asks this Court enter an order prohibiting the use of all information, statements and items seized from his vehicle in April 2007. This evidence includes, but is not limited to:

(a) any and all physical evidence seized from the vehicle;

(b) any and all statements made by Mr. Foster during or after any stop, search or seizure of the vehicle and/or after Mr. Foster's arrest; and

5

 (c) any and all evidence obtained as a result or "fruit" of any such seizures.

            Respectfully submitted,

            **s/Christine A. Freeman**
            **CHRISTINE A. FREEMAN**
            **TN BAR NO.: 11892**
            Attorney for Christopher Foster
            Federal Defenders
            Middle District of Alabama
            201 Monroe Street, Suite 407
            Montgomery, AL 36104
            TEL:  (334) 834-2099
            FAX:  (334) 834-0353
            E-Mail: Christine_Freeman@fd.org

## CERTIFICATE OF SERVICE

 I hereby certify that on December 18 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Matthew W. Shepherd, Assistant U. S. Attorney.

            Respectfully submitted,

            **s/Christine A. Freeman**
            **CHRISTINE A. FREEMAN**
            **TN BAR NO.: 11892**
            Attorney for Christopher Foster
            Federal Defenders
            Middle District of Alabama
            201 Monroe Street, Suite 407
            Montgomery, AL 36104
            TEL:  (334) 834-2099
            FAX:  (334) 834-0353
            E-Mail: Christine_Freeman@fd.org