IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:07cr254-WKW |
| | ) | |
| CHRISTOPHER FOSTER | ) | |

RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS

Comes now the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and hereby requests that this Honorable Court deny Defendant's Motion to Suppress. As grounds in support of this Response, the United States sets forth the following:

FACTS

At approximately 12:15 am, on April 10, 2007, Montgomery Police Department Officer B.C. Schlemmer was conducting a patrol in his marked police cruiser along West Fairview Avenue in Montgomery, Alabama. West Fairview Avenue consists of four lanes of traffic in the area where Officer Schlemmer was on patrol, with two lanes traveling in each direction. Officer Schlemmer was traveling in the inside, eastbound lane. A car driven by the defendant, Christopher Foster, approached Officer Schlemmer's patrol car traveling in the opposite direction, in the inside, westbound lane. Thus, the defendant approached Officer Schlemmer in the lane adjacent to him, but traveling in the opposite direction. The defendant kept his bright head lights on while he traveled towards and passed Officer Schlemmer in the 700 block of West Fairview Avenue. Officer Schlemmer conducted a U-turn, followed the defendant's vehicle, and initiated his vehicle's flashing lights to signal a traffic stop. The defendant turned his vehicle into a McDonald's parking lot and

stopped. Officer Schlemmer stopped behind the defendant.

Once stopped, Officer Schlemmer approached the vehicle and used his flashlight to look into the vehicle. He saw an assault rifle in plain view lying on the back seat. After seeing the weapon, Officer Schlemmer ordered the defendant and his passenger, his wife Lisa Foster, to exit the vehicle. Officer Schlemmer then conducted a wingspan search of the immediate area in the front passenger compartment where the defendant and his passenger had been sitting. Officer Schlemmer discovered a small clear bag of suspected marijuana under the passenger seat where Ms. Foster was sitting. Officer Schlemmer also conducted a warrants check on the defendant and discovered that there were outstanding arrest warrants on him. As a result, Officer Schlemmer arrested the defendant on the outstanding warrants and arrested Lisa Foster for possession of marijuana. Officer Schlemmer also issued a traffic citation to the defendant for failure to dim his headlights. Failing to dim bright headlights while driving in town and against oncoming traffic is a violation of the Code of Alabama 1975, Section 32-5-242(c)(1).

After the defendant and his wife were taken into custody, there were transported to police headquarters. During an interview with Detective T.D. James of the Montgomery Police Department, after being advised of his rights, the defendant admitted to possession of the rifle and to possession of the bag of marijuana. The defendant has previously been convicted of the felony offenses of Rape II and Manslaughter in the State of Alabama.

On September 27, 2007, a complaint was filed in federal court in the Middle District of Alabama, charging the defendant with violating 18 U.S.C. §922(g)(1), for being a convicted felon in possession of a firearm, and 21 U.S.C. §844(a), for possessing marijuana, a Schedule I controlled substance. Based on this complaint, a federal arrest warrant was signed by a Magistrate Judge

directing that the defendant be arrested on the charges contained in the complaint. On September 27, 2007, United States Deputy Marshals arrested the defendant in a vacant house on Avenue L in Montgomery, Alabama. At the time of his arrest, the defendant was found to be in possession of a .380 caliber, Bryco Arms, pistol, and a Safariland bullet resistant vest. As a result, on October 22, 2007 the defendant was indicted by a federal grand jury on charges of violating 18 U.S.C. § 922(g)(1) and 21 U.S.C. § 844(a) during the traffic stop on April 10, 2007, and on charges of violating 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 931(a), for possessing the gun and bullet resistant vest found when the defendant was arrested on September 27, 2007.

## ANALYSIS

In his motion, the defendant seeks to suppress the evidence seized during the traffic stop on April 10, 2007, as having been obtained in violation of his right to Equal Protection of the laws pursuant to the Fourteenth Amendment. The defendant further seeks to suppress all statements and additional evidence, including the evidence found during the defendant's arrest on September 27, 2007, as fruits of the poisonous tree resulting from the allegedly constitutionally impermissible traffic stop. The United States opposes the defendant's motion because Officer Schlemmer had probable cause to conduct a traffic stop for violating a traffic law and did not act with any discriminatory intent or purpose.

**I. THE POLICE HAD PROBABLE CAUSE TO CONDUCT A TRAFFIC STOP OF THE DEFENDANT'S VEHICLE.**

"As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." Whren v. United States, 517 U.S. 806, 810 (1996). Further, the officer's motivation in conducting the stop is irrelevant so long as

there was probable cause to believe a traffic violation occurred. Id., at 813 ("We think these cases foreclose any argument that the constitutional reasonableness of traffic stops depends on the actual motivations of the officers involved."); see also Arkansas v. Sullivan, 532 U.S. 769 (2001); United States v. Holloman, 113 F.3d 192, 194 (11th Cir. 1997); United States v. Simmons, 172 F.3d 775, 778 (11th Cir. 1999). This holds true even if the traffic stop was conducted as part of a larger pre-planned operation, so long as there was probable cause to believe the vehicle committed a traffic violation. See United States v. Ibarra, 345 F.3d 711 (9th Cir. 2003).

The sole question for the court to answer in this case is whether Officer Schlemmer had probable cause to believe that the defendant's vehicle committed a traffic offense. See Draper v. Reynolds, 369 F.3d 1270, 1275 (11th Cir. 2004) ("Thus, the only question for purposes of examining the constitutionality of Reynolds' stop is: Did Reynolds have probable cause to believe that a traffic violation had occurred?"). In this case, Officer Schlemmer had probable cause to believe that a traffic violation had occurred because he witnessed a vehicle traveling towards him and past him that did not dim its traffic headlights, in violation of the Code of Alabama 1975, Section 32-5-242(c)(1). This personal observation of a police officer established probable cause to justify the traffic stop.

Once Officer Schlemmer approached the vehicle after lawfully stopping it, he was entitled to take reasonable precautions to ensure his own safety, including looking inside the vehicle with a flash light, United States v. Purcell, 236 F.3d 1274, 1278 (11th Cir. 2001), ordering the occupants to exit the vehicle, Pennsylvania v. Mimms, 434 U.S. 106 (1977), and conducting a protective search of the immediate area where the occupants had been sitting if had a reasonable basis for doing so. Michigan v. Long, 463 U.S. 1032 (1983). It was while performing these permissible actions that Officer Schlemmer located the 7.62 mm assault rifle and bag of marijuana. He saw the rifle sitting

on the back seat in plain view and was thus entitled to seize it. United States v. Purcell, 236 F.3d at 1277. Then, after seeing the weapon he had a reasonable basis for conducting a protective search of the area where the passengers had been sitting. Michigan v. Long, supra. It was during the course of this search that he located the marijuana, which he was then entitled to seize.

Therefore, the rifle and marijuana found in the vehicle were obtained lawfully and are admissible at trial. Any later statements by the defendant or evidence seized later are not the fruit of unlawfully obtained evidence and are also admissible.

## II. THE TRAFFIC STOP OF THE DEFENDANT'S VEHICLE DID NOT VIOLATE THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT.

In Whren v. United States, the Supreme Court recognized that although an officer's subjective motivation is generally irrelevant so long as there was probable cause to believe the vehicle committed a traffic violation, if an officer impermissibly uses race to discriminate in his enforcement of the law and decision to initiate a traffic stop, the stop would be a violation of the Equal Protection Clause. Whren v. United States, 517 U.S. 806, 813 (1996). The defendant claims that the traffic stop on April 10, 2007, violated the Equal Protection Clause because Officer Schlemmer decided to initiate the traffic stop based on his race. On the basis of this alleged violation, the defendant requests suppression of the evidence against him.

In order to show a violation of the Equal Protection Clause, the defendant, who is African-American, "must present evidence that he was treated differently from similarly situated non-African-American motorists and that the action taken against him was motivated at least in part by his race." Flowers v. Fiore, 359 F.3d 24, 35 (7th Cir. 2004). The defendant must prove that the

actions of law enforcement had a discriminatory effect on the defendant and that the law officer acted with a discriminatory purpose. Chavez v. Illinois State Police, 251 F.3d. 612, 635 (7th Cir. 2001).

In order to prove discriminatory effect, the defendant must prove that he is a member of a protected class who is similarly situated to members of the unprotected class and that he was treated differently than the unprotected class. Id. at 636. This can be done through identification of specific members of the unprotected class who were treated differently or through the use of statistics. Id.

The defendant has not described any evidence which shows a discriminatory effect. The defendant has not identified any similarly situated non-African-American who was treated differently than he was. He has not identified any examples of Officer Schlemmer or the Montgomery Police Department enforcing the law requiring motorists to dim their lights against African-Americans, while ignoring a similar offense committed by non-African-Americans. The defendant has also not cited any statistics or studies which support his claim that the actions of Officer Schlemmer had a discriminatory effect on African-Americans.

Even if the defendant could show a discriminatory effect, he must still prove that Officer Schlemmer acted with a discriminatory intent. Officer Schlemmer must have acted with discriminatory purpose when he stopped the defendant. See McClesky v. Kemp, 481 U.S. 279, 293 (1987). Again, the defendant has not offered or described any facts or evidence which support his claim. There is no indication that race played any part in the decision to stop the defendant and the defendant has cited to no fact which supports such a claim.

The only evidence or facts that the defendant offers to support his claim of discriminatory enforcement of the law is the repeated assertion of "on information and belief." This is mere

speculation which is unsupported by any identified facts, evidence, or statistical studies. Because the defendant can offer nothing more than mere speculation, the defendant cannot meet his burden of proving that Officer Schlemmer acted with discriminatory intent or that his actions had a discriminatory effect on the defendant.

WHEREFORE, for the reasons described above, the United States respectfully requests that the Defendant's Motion to Suppress be DENIED.

Respectfully submitted this 2nd day of January, 2008.

        LEURA G. CANARY
        UNITED STATES ATTORNEY

        /s/ Matthew W. Shepherd
        MATTHEW W. SHEPHERD
        Assistant United States Attorney
        131 Clayton Street
        Montgomery, Alabama 36104
        (334) 223-7280
        (334) 223-7135 Fax
        matthew.shepherd@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 02:07cr254-WKW |
| | ) | |
| CHRISTOPHER FOSTER | ) | |

### CERTIFICATE OF SERVICE

I hereby certify that on January 2, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Christine Freeman, Esq., attorney for the defendant Christopher Foster.

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY

/s/ Matthew W. Shepherd
MATTHEW W. SHEPHERD
Assistant United States Attorney
131 Clayton Street
Montgomery, Alabama 36104
(334) 223-7280
(334) 223-7135 Fax
matthew.shepherd@usdoj.gov