UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | JAN 2 8 2008 |
| | ) | |
| v. | ) | Case No. **2:07-CR-254-WKW** |
| | ) | CLERK |
| **CHRISTOPHER FOSTER** | ) | U.S. DISTRICT COURT |
| | | MIDDLE DIST. OF ALA. |

## MOTION TO QUASH SUBPOENA

COMES NOW the City of Montgomery, by and through counsel, pursuant to Rule 17(c)(2) of the Federal Rules of Criminal Procedure, and moves this Court to quash or modify the Ex Parte Subpoena Duces Tecum attached hereto, and as grounds therefore, the City states:

1.      The Montgomery Police Department (MPD) was served with the attached Ex Parte Subpoena Duces Tecum on or about December 27, 2007. MPD is a division of the City of Montgomery, a municipal corporation incorporated under the laws of the State of Alabama.

2.      The subpoena commands production of the following within 10 days:

   A. All warning notices, traffic tickets, or traffic citations written or issued by Officer Schlemmer, for any violation, from April 10, 2006 to and through April 10, 2007.

   B. All warning notices, traffic tickets, or traffic citations issued for violations of headlight requirements, issued by any officer or employee of the Montgomery Police Department, from April 10, 2006 to and through April 10, 2007.

   C. All incidents and/or offense reports, arrest reports, narrative supplements, offense supplements, photographs, dispatch sheets, dispatch tapes, audio, video and/or other written warrants and/or tickets relating to the traffic stop of Christopher Foster on April 10, 2007.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA    RECEIVED
NORTHERN DIVISION

UNITED STATES OF AMERICA    )
                            )          2008 JAN 28  P 3: 07
            v.              )    Case No. 2:07-CR-196-WKWCT COURT
                            )                DEBRA P. HACKETT, CLK
                            )                MIDDLE DISTRICT ALA
CHRISTOPHER FOSTER          )

## MOTION TO QUASH SUBPOENA

COMES NOW the City of Montgomery, by and through counsel, pursuant to

Rule 17(c)(2) of the Federal Rules of Criminal Procedure, and moves this Court to quash

or modify the Ex Parte Subpoena Duces Tecum attached hereto, and as grounds

therefore, the City states:

1.     The Montgomery Police Department (MPD) was served with the attached

Ex Parte Subpoena Duces Tecum on or about December 27, 2007. MPD is a division of

the City of Montgomery, a municipal corporation incorporated under the laws of the State

of Alabama.

2.     The subpoena commands production of the following within 10 days:

    A. All warning notices, traffic tickets, or traffic citations
       written or issued by Officer Schlemmer, for any
       violation, from April 10, 2006 to and through April 10,
       2007.
    B. All warning notices, traffic tickets, or traffic citations
       issued for violations of headlight requirements, issued
       by any officer or employee of the Montgomery Police
       Department, from April 10, 2006 to and through April
       10, 2007.
    C. All incidents and/or offense reports, arrest reports,
       narrative     supplements,    offense    supplements,
       photographs, dispatch sheets, dispatch tapes, audio,
       video and/or other written warrants and/or tickets
       relating to the traffic stop of Christopher Foster on
       April 10, 2007.

D. All reports, contracts, memoranda, photos, video or audio tape-recordings and any other records of cooperation by Christopher Foster, and/or assistance provided by Christopher Foster in the investigation of narcotics law violations.

The City has already complied with requests A, C and D, which are clearly more specific than request B. Upon information and belief, compliance with request B would be unreasonable and oppressive.

3.    MPD issues approximately 6,000 to 7,000 citations each month, or 72,000 to 84,000 citations in the 12-month period from April 10, 2006 to and through April 10, 2007. Defendants are requesting. In the routine course of business, MPD citations are stored by Montgomery Municipal Court by ticket number. Citations are not all stored in one location, especially, as here, where the citations were issued years ago. Furthermore, there is no electronic system in which citations are recorded that can be used to sort or locate the requested information.

4.    The only way request B can be accomplished is for someone to, first attempt to locate these archived citations, then manually go through 72,000 to 84,000 individual documents, reading each to determine if it is relevant, then photocopy the relevant document before placing it back in archives. This would take months, and is an unreasonable drain on municipal resources. Even if Defendant's counsel chose to personally inspect the documents at issue, a City employee would have to be present at all times to oversee and provide assistance.

5.    In a criminal matter, to require production prior to trial the moving party must show:

(1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of

2

> trial by exercise of due diligence; (3) that the party cannot
> properly prepare for trial without such production and
> inspection in advance of trial and that the failure to obtain
> such inspection may tend unreasonably to delay the trial;
> and (4) that the application is made in good faith and is **not
> intended as a general 'fishing expedition.'**

U.S. v. Nixon, 418 U.S. 683, 699-700, 94 S.Ct. 3090, 3103 (1974) (emphasis added).

6.    The materials requested in B would likely not be admissible at trial and appear to be part of a general "fishing expedition." Defendant should be ordered to show cause why he seeks these documents other than conclusory allegations based on hunches or rumors. Defendant has already been given the citations issued by the particular officer in his case within the same 12 month timeframe. The citations issued by other, wholly unrelated officers are simply not relevant to this Defendant.

7.    A subpoena duces tecum may not be unreasonable and oppressive, and it must also properly identify or describe the documents requested. In re Grand Jury Proceedings, 601 F.2d 162 (5th Cir. 1979).

8.    Therefore, the City of Montgomery moves this Court to quash the afore-mentioned subpoena. In the alternative, the City of Montgomery requests a protective order ordering that (a) the City be given adequate time in which to comply, which could be a matter of months, even working full-time, and (b) the Defendant post a bond not less than $10,000 to pay all costs incurred to include without limitation not only photocopies but also the salary plus benefits for every City employee's time spent working to comply with this subpoena.

WHERFORE the premises considered, the City of Montgomery moves this Court to quash the attached subpoena, or in the alternative, issue a protective order.

Respectfully submitted this the 25th day of January 2008.

3

Allison H. Highley (HIG024)
Assistant City Attorney

OF COUNSEL:
City of Montgomery
Legal Department
Post Office Box 1111
Montgomery, AL  36101-1111
(334) 241-2050 Telephone
(334) 241-2310 Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that on January 25, 2008, the foregoing was served upon the following by placing the same in U.S. Mail, first-class postage prepaid, addressed as follows:

> Christine A. Freeman, Esq.
> Federal Defenders
> Middle District of Alabama
> 201 Monroe Street, Suite 407
> Montgomery, Alabama 36104

Of Counsel

4